ON MOTION FOR REHEARING, REHEARING EN BANC, OR FOR CERTIFICATION

PALMER, C.J.
Health First, Inc. (Health) filed a motion for rehearing and/or certification of a question of great public importance. We deny the motion, but withdraw our previous opinion and substitute this corrected opinion in its stead.
Health appeals the non-final order entered by the trial court denying, in part, Health’s motion to compel arbitration.[1] We affirm.
Richard A. Hynes, M.D. FACS, and Brevard Orthopedic Spine and Pain Clinic, Inc., f/k/a Brevard Orthopedic Clinic, Inc., d/b/a the B.A.C.K. Center (collectively Hynes) filed a complaint against Health alleging 12 counts, including monopolization of the hospital market, attempting to monopolize the market for hospital services, restraint of trade, conspiracy to monopolize, unfair competition, deceptive and unfair trade practices, and tortious interference with business relationships. In response, Health filed a motion seeking to compel mediation and arbitration pursuant to the terms of a Participating Group Agreement that Hynes had entered into with the B.A.C.K. Center.[2] That agreement contained a dispute resolution provision which applied to “any dispute arising out of or relating to this Agreement.”
After considering the arguments presented by the parties, the trial court granted Health’s motion to arbitrate the tor-tious interference count, but denied the motion as to all other counts, ruling:
Having reviewed Counts I through XI of the Complaint, the Court finds that those counts are not based on the Participating Group Agreement entered into by the Plaintiff, The B.A.C.K. Center, and the Defendant, Health First Health Plans, Inc. The Court finds that there is an insufficient nexus between the allegations in the pleadings and any of the causes of action pleaded in Counts I through XI to the Participating Group agreement. The Plaintiffs in those counts are not attempting to enforce the agreement. Any mention of or reference to the Agreement was made only as an example of anti-competitive conduct and/or unfair trade practices. The *1234 Court therefore finds that these counts (I through XI) are unrelated to the Agreement between the parties. The Court further finds, though, that in regard to Count XII that the tortious conduct alleged in that claim was based on and does have a sufficient relationship to the Participating Group Agreement between the Plaintiffs, The B.A.C.K. Center and Richard A. Hynes, and the Defendants.
On appeal, the first issue raised by Health is whether the Federal Arbitration Act (FAA), 9 U.S.C. § 2, should apply to this case. Section 2 of the FAA provides:
§ 2. Validity, irrevocability, and enforcement of agreements to arbitrate
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
9 U.S.C. § 2.
Health claims that the FAA should apply to this case because the Participating Group Agreement “encompassed the treatment of Medicare patients with the concomitant receipt of funds, thus satisfying the interstate commerce requirement.” However, no evidence was presented by Health in support of its motion to compel arbitration (beyond the agreement itself), such as any evidence regarding the receipt of payments from Medicare. Accordingly, we find no error in the trial court applying Florida law to determine the arbitrability of the claims at issue.
In that regard, when determining whether a claim must be submitted to arbitration, Florida courts use the term “nexus” to describe the relationship between the dispute and the contract containing the arbitration clause. See Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999) (holding the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause). Review of the complaint filed by Hynes indicates that the trial court properly found that there was no nexus between the allegations in Counts I through VI of the complaint and the Participating Group Agreement. Specifically, in Counts I through VI, Hynes alleged violations of section 542.19 of the Florida Statutes which provides:
542.19. Monopolization; attempts, combinations, or conspiracies to monopolize
It is unlawful for any person to monopolize, attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of trade or commerce in this state.
§ 542.19, Fla. Stat. (2006).
In regards to these counts, the Participating Group Agreement was only mentioned by Hynes as an example of Health’s anti-competitive, deceptive, and monopolistic behaviors. Other claims of misconduct contained in those counts of the complaint were based on duties owed to the public under common law or public policy, including Health’s exclusive power to approve provider panel participation, charging higher rates to independent commercial managed care health insurers, steering Medicare patients exclusively to Health hospitals, restricting meaningful patient choice in hospital selection, misleading and deceptive advertising, exclusionary conduct *1235 to limit choices available to physicians and patients, unjustified expenditures, building new hospitals to completely take over hospital care in southern Brevard County, insensitivity to patient needs, failure to remove a dead body from a patient’s room, failure to employ an adequate number of nurses, initiating an aggressive regulatory challenge to stop Health’s competitor from building a hospital in Brevard County, entering into joint ventures with favored physicians, diverting small group managed care enrollees to Health, and instituting dangerous budget cuts which effected patient care. These claims do not set forth a nexus between Hynes and the Participating Group Agreement.
Regarding counts VII through XI, Hynes alleged violations of section 501.204(1) of the Florida Statutes, Florida’s Deceptive and Unfair Trade Practices Act (FDUTPA) which provides:
501.204. Unlawful acts and practices (1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
§ 501.204(1), Fla. Stat. (2006).
A review of counts VII through XI of the complaint indicates that the trial court properly denied Health’s motion to compel arbitration on these counts. These counts were brought as potential class actions on behalf of employers incorporated in, or otherwise organized under, the laws of Florida which purchase hospital services in South Brevard County for their employees through the payment of premiums for health care coverage. As the trial court found in its order, the Participating Group Agreement was only one example of Health’s alleged violation of FDUTPA. Hynes raised other allegations including claims that Health provided favored physicians with the opportunity to enter into joint ventures with Health, lessened patient choice by excluding certain health plans, caused higher prices and fewer alternatives for patients seeking hospital services, excluded providers from participating in provider panels unless they were approved by Health, punished physicians for disloyalty to Health by excluding them from purchasing health benefits from Health, charged very high, discriminatory, supra competitive hospital rates to independent commercial managed care health insurers, steered patients exclusively to Health hospitals, attempted to prohibit hospital competition in South Brevard County, engaged in misleading and deceptive public relations and advertising, provided Health top leadership with millions of dollars in lucrative compensation, limited competition between Wuesthoff s Rock-ledge facility and Cape Canaveral Hospital by forced “bundling” of all Health hospitals, prohibited others from building a hospital in Viera, provided benefits to physicians who utilize Health hospitals, threatened to bring in their own employed physicians to compete with physicians who do not comply with Health’s demands, and paid physicians to bring patients to Health hospitals. None of these allegations demonstrate a nexus between Hynes and the Participating Group Agreement.
AFFIRMED.
SAWAYA and COHEN, JJ., concur.

. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.13 0(a) (3) (C)(iv).

. The B.A.C.K. Center is described as a professional corporation that employed physicians including Dr. Hynes.